**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4045

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERTO PABLO GUTIERREZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:11-cr-00149-BR-1)

Submitted:  August 22, 2012        Decided:  September 6, 2012

Before FLOYD and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Richard Croutharmel, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roberto Pablo Gutierrez was charged by a federal grand jury sitting in the Eastern District of North Carolina with conspiracy to distribute and to possess with the intent to distribute 500 grams or more of methamphetamine, 21 U.S.C. §§ 841(a)(1) and 846. Following a jury trial, Gutierrez was found guilty. He was sentenced to 292 months' imprisonment. On appeal, he challenges both his conviction and sentence. We affirm.

First, Gutierrez contends that the district court erred when it refused to allow him to testify as to what he believed would happen to him if he did not participate in the drug conspiracy. He posits that such testimony was admissible under Rule 803(3) of the Federal Rules of Evidence. Because this argument was raised below, our review is for an abuse of discretion. United States v. Abu Ali, 528 F.3d 210, 253 (4th Cir. 2008).

Hearsay generally is not admissible in evidence. Fed. R. Evid. 802. However, Rule 803(3) provides that a hearsay statement is admissible if it is a statement of the declarant's then existing state of mind, provided the statement is not a statement of memory or belief to prove the fact remembered or believed. The district court did not abuse its discretion in excluding the purported testimony under this rule. It is

- 2 -

unclear what statement of his Gutierrez sought to introduce. Moreover, to the extent he sought to introduce the statements of his coconspirators to demonstrate the beliefs he harbored, such statements do not fall within the rule, because the "state of mind exception . . . refers to the state of mind of the declarant, not to the state of mind of the listener or hearer of the statement." United States v. Arbolaez, 450 F.3d 1283, 1290 n.6 (11th Cir. 2006). In any event, Gutierrez was allowed to testify that he believed that, as a result of his agreement to participate in the conspiracy, his life and the lives of his family were in danger. Thus, to the extent he was trying to show that he participated in the conspiracy out of fear, Gutierrez was permitted to introduce such evidence.

Second, Gutierrez contends that the district court erred when it prohibited him from testifying about threats made to him by certain drug operatives. He posits such testimony was admissible under Rule 804(b)(3). Because this argument was not made below, our review is for plain error. United States v. Lowe, 65 F.3d 1137, 1144 (4th Cir. 1995).

Rule 804(b)(3) provides an exception to the hearsay rule when an unavailable declarant has made a statement against penal interest. A statement is admissible under this exception if: (1) the speaker is unavailable; (2) the statement is actually adverse to the speaker's penal interest; and (3) corroborating

circumstances clearly indicate the trustworthiness of the statement. United States v. Bumpass, 60 F.3d 1099, 1102 (4th Cir. 1995). The party seeking to introduce the statement has the formidable burden of establishing these prerequisites. United States v. Blake, 571 F.3d 331, 350 (4th Cir. 2009).

In this case, even if the first two factors were satisfied, the corroborating circumstances factor clearly was not met. We have previously listed several factors relevant in assessing corroboration of a statement sought to be admitted under Rule 804(b)(3):

> (1) whether the declarant had at the time of making the statement pled guilty or was still exposed to prosecution for making the statement, (2) the declarant's motive in making the statement and whether there was a reason for the declarant to lie, (3) whether the declarant repeated the statement and did so consistently, (4) the party or parties to whom the statement was made, (5) the relationship of the declarant with the accused, and (6) the nature and strength of independent evidence relevant to the conduct in question.

Bumpass, 60 F.3d at 1102.

In this case, the purported drug operatives were in an undisclosed location in Mexico, and there is no evidence that they were exposed to prosecution for threatening Gutierrez while allegedly holding him at gunpoint. The men, who Gutierrez only claims to have met once, were allegedly motivated by a desire to have him transport drugs into the United States. There is no evidence as to how many times the statements were repeated, and

the only person to whom the drug operatives made the statements was Gutierrez. The Bumpass factors demonstrate that these alleged threats are untrustworthy statements that were designed to buttress Gutierrez's claim that he did not voluntarily participate in the conspiracy. Because Gutierrez cannot meet the corroborating circumstances factor, there was no error, let alone plain error, below.

Third, Gutierrez contends that the district court failed to adequately inquire into the circumstances surrounding his request for substitute counsel. Our review of this contention is for an abuse of discretion. United States v. Hackley, 662 F.3d 671, 685 (4th Cir. 2011).

The Sixth Amendment guarantees a criminal defendant the right to "the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right guarantees, among other things, the right to trial counsel of one's choosing. Faretta v. California, 422 U.S. 806, 835 (1975). Such right, however, is not absolute and "must not obstruct orderly judicial procedure and deprive courts of the exercise of their inherent power to control the administration of justice." United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988). Consequently, in reviewing the actions of the district court, we consider: (1) "the timeliness of the motion"; (2) "the adequacy of the [district] court's inquiry into the defendant's complaint"; and

(3) "whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." Hackley, 662 F.3d at 685 (citation and internal quotation marks omitted).

Considering the timeliness of the request for new counsel, we note that Gutierrez moved for new counsel during a sentencing hearing that the district court had already continued at his request. As to the second factor, Gutierrez suggests that the district court failed to investigate his complaint. That assertion is belied by the record. The district court inquired about Gutierrez's complaint and asked his counsel whether he had any problems with the representation. Counsel responded that he was not moving to withdraw. Gutierrez's complaint was that his counsel had not "represented [him] well." (J.A. 422). However, he gave no basis for his expectations, nor did he specify what counsel should have been doing that he was not. With regard to the breakdown in communication factor, there was no such breakdown. Indeed, Gutierrez never suggested that the lack of communication prevented an adequate defense. Based on the factors set forth in Hackley, we find no abuse of discretion.

Finally, Gutierrez contends that his counsel was constitutionally ineffective for failing to object to the probation officer's finding that he did not qualify for a mitigating role adjustment under United States Sentencing

Commission, Guidelines Manual, § 3B1.2. However, ineffective assistance claims are more appropriately raised in a motion filed pursuant to 28 U.S.C. § 2255, unless counsel's ineffectiveness conclusively appears on the record. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). After review of the record, we find no conclusive evidence that counsel rendered ineffective assistance, and, accordingly, we decline to consider the claim on direct appeal.

For the reasons stated herein, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED